IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| EAST TENNESSEE NATURAL GAS COMPANY, | ) ) ) | Case No. 4:02cv00215 |
| Plaintiff, | ) ) ) | **ORDER** |
| v. | ) ) ) | |
| 3.51 ACRES IN WYTHE COUNTY, VIRGINIA, | ) ) | |
| Defendants. | | |

Defendants objected to the commissioners' proposed findings of fact and conclusions of law and filed their briefs in support thereof. Plaintiff has responded to the objections. I reviewed the commissioners' findings, Defendants' objections, and Plaintiff's response. Oral argument is not necessary for the Court to rule on the objections. For the reasons stated below, I **ADOPT** the commissioners' findings awarding just compensation to Defendants and ordering Plaintiff to restore the road, and I **OVERRULE** Defendants' objections.

Both parties agreed to submit this case to a commission and that the commission's findings of fact are to be reviewed on a clear error basis. Defendants state three objections: (1) the commissioners erred in awarding no damages for the road and in not requiring Plaintiff to fix the road to a definite standard; (2) the commissioners erred in awarding no damages for removal of the boulder left on Defendants' property; and (3) the commissioners did not read or understand all of the appraisals of Defendants' expert.

As to Objection No. 1, Defendants argue that the commissioners improperly excluded

-1-

evidence regarding the amount of damages necessary to compensate for restoration of the road.  I

disagree.  The commissioners issued a Scheduling Order which required that all written

discovery be served so that timely responses could be provided by December 31, 2004 and that

Defendants disclose all experts and their opinions by December 31, 2004.  Plaintiff served

written discovery asking Defendants to identify all people with knowledge of valuation of

property and damages and documents supporting their claims for damages, yet Defendants failed

to identify Tim Gregory ("Gregory") or Arthur Davis ("Davis") as people with such knowledge

or the actual Envision Environmental Estimates ("Estimates") before the deadline.  Moreover,

Defendants failed to identify Gregory or Davis as experts before the deadline.  In fact,

Defendants did not identify the estimates or the witnesses at all until at least February 21, 2005,

almost two months after the deadlines for written discovery and Defendants' expert disclosures.

Furthermore, Defendants later conceded that the estimates themselves were inadmissible

hearsay.  The commissioners did not err in excluding the testimony.

In further support of Objection No. 1, Defendants argue that the commissioners failed to

require Plaintiff to fix the road to a definite standard.  But the commissioners did fix a definite

standard to repair the road.  They stated that the road should be restored to its original condition.

Accordingly, Objection No. 1 is OVERRULED, and Plaintiff is ORDERED to restore the road

to its original condition.

As to Objection No. 2, Defendants argue that the commissioners improperly excluded

evidence regarding the amount of damages for removal of the boulder left on Defendants'

Cartersville Heights property.  Defendants point to the Estimate and the testimony of Davis and

Mr. Goforth ("Goforth") about the Estimate as evidence that the commissioners should have

-2-

considered.  For the same reasons that I found that the commissioners did not err in excluding

the Estimate and Davis's testimony regarding the road restoration damages, I find that the

commissioners did not err in excluding the Estimate and the testimony of Davis and Goforth

regarding the damages for removing the boulder.  Although Defendants argue that Goforth

additionally attempted to testify as to his own estimate based on his personal experience, Goforth

was neither offered, disclosed nor qualified as an expert on the cost of removing the boulder.

Accordingly, Objection No. 2 is OVERRULED.  However, in accordance with the

commissioners' findings that Plaintiff was responsible for the boulder, I find that it is Plaintiff's

duty to remove it.  Therefore, Plaintiff is ORDERED to remove the boulder from the Cartersville

Heights property.

As to Objection No. 3, Defendants' argument that the commissioners did not read or

understand the appraisals of their experts is pure conjecture.  Defendants have not offered any

substantive evidence to support these assertions.  Accordingly, Objection No. 3 is

OVERRULED.

The clerk is directed to send certified copies of this Order to the commissioners and

counsel of record.

ENTERED this 26th day of July, 2005.


s/Jackson L. Kiser
Senior United States District Judge

Case 4:02-cv-00215-JLK   Document 93   Filed 07/26/05   Page 3 of 3   Pageid#: 205